**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| **IN RE:** | **CHAPTER 13 CASE NO.:** |
| **RICKEY L. TURNER** | **20-10079-JDW** |

**TRUSTEE'S OBJECTION TO MOTION TO IMPOSE AUTOMATIC STAY**

COMES NOW the Chapter 13 Trustee, Locke D. Barkley (the "Trustee"), by and through counsel, and files this Objection to the Motion to Impose Automatic Stay (Dkt. #8) (the "Motion") filed by the Debtor and in support thereof states as follows:

1. Since 2017, the Debtor has filed three (3) petitions for bankruptcy relief, with the previous two (2) cases ending in dismissal for failure to make plan payments.[1] The previous case, Case No. 19-11716-JDW was dismissed before the case was confirmed. This is the Debtor's third Chapter 13 filing in two (2) years. The repetitive filing of bankruptcies and the failure to remit plan payments is an abuse of the bankruptcy system. The Trustee submits that the current Petition has not been filed in good faith and, therefore, the automatic stay should not be imposed.

2. In the event the Court determines that the automatic stay should be imposed, the Trustee respectfully requests that the Debtor be made subject to a sixty (60) day drop-dead provision beginning in February 2020, and that, should this case be dismissed, the Debtor should be barred from filing a Chapter 13 bankruptcy case in this district or any other district for a period of no less than one-hundred and eighty (180) days.

WHEREFORE, PREMISES CONSIDERED, the Trustee prays that this response be received and filed and upon a hearing hereon, this Court will enter its order denying the Motion. Alternatively, in the event the Court imposes the automatic stay, the Trustee respectfully requests

---

[1] *In Re Ricky Turner,* Case No. 17-12958-JDW (N.D. Miss.) filed on August 10, 2017, and dismissed on February 20, 2019, and *In Re Ricky Turner,* Case No. 19-11716-JDW (N.D. Miss.) filed on April 23, 2019, and dismissed on September 13, 2019.

that the Debtor be subject to the strict compliance provisions requested herein.  The Trustee also requests other such general and specific relief as to which the Trustee and this bankruptcy estate may be entitled.

Dated: January 14, 2020.

>Respectfully submitted,
>
>**LOCKE D. BARKLEY
>CHAPTER 13 TRUSTEE**
>
>/s/ Melanie T. Vardaman
>ATTORNEYS FOR TRUSTEE
>W. Jeffrey Collier (MSB 10645)
>Melanie T. Vardaman (MSB 100392)
>6360 I-55 North, Suite 140
>Jackson, Miss.  39296
>(601) 355-6661
>ssmith@barkley13.com

## CERTIFICATE OF SERVICE

I, the undersigned attorney for the Trustee, do hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I hereby certify that I either mailed by United States Postal Service, first class, postage prepaid, or electronically notified through the CM/ECF system, a copy of the above and foregoing to the Debtor, attorney for the Debtor, the United States Trustee, and other parties in interest, if any, as identified below.

Dated: January 14, 2020.

>/s/ Melanie T. Vardaman
>MELANIE T. VARDAMAN