**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| **IN RE: RICKEY L. TURNER** | **CASE NO: 20-10079** |
| **DEBTOR** | **CHAPTER 13** |

**NOTICE OF FILING CHAPTER 13 PLAN AND MOTIONS
FOR VALUATION AND LIEN AVOIDANCE**

The above-named debtor has filed a *Chapter 13 Plan and Motions for Valuation and Lien Avoidance* (the "Plan") with the Bankruptcy Court in the above-referenced case (see attachment).

Any objection to confirmation of the Plan or the motions contained therein shall be filed in writing with the Clerk of the Court at 703 Hwy. 145 North, Aberdeen, MS  39730 on or before **April 1, 2020.**  Copies of the objection must be served on the Trustee, US Trustee, debtor, and Attorney for debtor.

Objections to confirmation will be heard and confirmation determined on **April 14, 2020 at 1:30 PM, OXF US Bankruptcy Court, Federal Building, 911 Jackson Avenue East, Oxford, MS 38655,** unless the court orders otherwise.  If no objection is timely filed, the Plan may be confirmed without a hearing.

DATED: January 29, 2020

*/s/ Kimberly Brown Bowling*
Attorney for Debtor, MSBN:  99906
MITCHELL & CUNNINGHAM
307 East Waldron Street
Corinth, MS 38834
(662) 286-5665
kbowling@mitchellcunningham.com

## **CERTIFICATE OF SERVICE**

I, Kimberly Brown Bowling, attorney for debtor, do hereby certify that by filing the attached Notice and Chapter 13 Plan, I have caused the following parties to be served electronically via ECF:

 Locke D. Barkley
Chapter 13 Trustee
lbarkley13@ecf.epiqsystem.com

U.S. Trustee
USTPRegion05.AB.ECF@usdoj.gov

I certify that I have this day served a true and correct copy of the attached Notice and Chapter 13 Plan by U.S. mail[1], postage prepaid, to the following creditor(s) listed in Sections 3.2 and/or 3.4 of the Plan pursuant to Fed. R. Bankr. P. 7004:

I further certify that I have this day served a true and correct copy of the Notice and Chapter 13 Plan by U.S. mail, postage prepaid, to all other parties listed on the attached master mailing list (matrix).

Dated: January 29, 2020

          /s/ Kimberly Brown Bowling
          Kimberly Brown Bowling
          Attorney at Law
          Mitchell and Cunningham, PC
          307 East Waldron Street
          Corinth, MS 38834
          (662) 286-5665

---

[1] If the creditor is an insured depository institution, service has been made by certified mail.

**Fill in this information to identify your case:**

Debtor 1 _____Rickey L. Turner_____
Full Name (First, Middle, Last)

Debtor 2 _____
(Spouse, if filing) Full Name (First, Middle, Last)

United States Bankruptcy Court for the: __Northern__ District of __Mississippi__

Case number  20-10079
(If known)

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

_____

# Chapter 13 Plan and Motions for Valuation and Lien Avoidance     12/17

| Part 1: | Notices |
|---|---|

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.**

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.**

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☑ Included | ☐ Not included |

[1] If the creditor is an insured depository institution, service has been made by certified mail.

**Part 2:**     **Plan Payments and Length of Plan**

**2.1 Length of Plan.**

The plan period shall be for a period of __60__ months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Debtor(s) will make regular payments to the trustee as follows:**

Debtor shall pay $ ___470.00___ (☑ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

> Debtor to pay direct

Joint Debtor shall pay $ _____ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly ) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the joint debtor's employer at the following address:

**2.3 Income tax returns/refunds.**

*Check all that apply.*

☑ Debtor(s) will retain any exempt income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.

☐ Debtor(s) will treat income tax refunds as follows:

_____

_____

**2.4 Additional payments.**

*Check one.*

☑ **None**. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☐ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

_____

_____

**Part 3:**     **Treatment of Secured Claims**

**3.1 Mortgages. (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.)**

*Check all that apply.*

☐ **None**. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.1(a)**     ☐ **Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

1st    Mtg pmts to _____

Beginning _____ @ $ _____ ☐ Plan ☐ Direct.  Includes escrow ☐ Yes ☐ No

1st    Mtg arrears to _____ Through _____ $ _____

3.1(b)    ☐ **Non-Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

Property 1 address: _____

Mtg pmts to _____

Beginning _____ @ $ _____ ☐ Plan ☐ Direct.  Includes escrow ☐ Yes ☐ No

Property 1: Mtg arrears to _____ Through _____ $ _____

3.1(c)    ☑ **Mortgage claims to be paid in full over the plan term:** Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor.

Creditor: Bank of Holly Springs                                   Approx. amt. due: $10,218.67    Int. Rate*: 6.75%

Property Address: 148 Pine Drive Ashland, MS 38603

Principal Balance to be paid with interest at the rate above: per poc
(as stated in Part 2 of the Mortgage Proof of Claim Attachment)

Portion of claim to be paid without interest: $ per poc
(Equal to Total Debt less Principal Balance)

Special claim for taxes/insurance: $ 91.32 /month, beginning March 2020
(as stated in Part 4 of the Mortgage Proof of Claim Attachment)

*Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District.

*Insert additional claims as needed.*

**3.2 Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☑ Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims, debtor(s) hereby move(s) the court to value the collateral described below at the lesser of any value set forth below or any value set forth in the proof of claim. Any objection to valuation shall be filed on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I).

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| Rosco Auto Sales | $2,000.00 | 2006 Chevrolet Cobalt | $2,407.50 | $2,000.00 | 6.75% |
| MS Department of Revenue | $1,569.60 | 2009/2010 State Tax Lien | $25,183.83 | $1,569.60 | 6% |

*Insert additional claims as needed.*

#For mobile homes and real estate identified in § 3.2: Special Claim for taxes/insurance:

| Name of creditor | Collateral | Amount per month | Beginning |
|---|---|---|---|
| | | | |

*Unless otherwise ordered by the court, the interest rate shall be the current *Till* rate in this District.*

For vehicles identified in § 3.2: The current mileage is  187,447

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☐ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling.

| Name of creditor | Collateral | Amount of claim | Interest rate* |
|---|---|---|---|
| | | | |

| Name of creditor | Collateral | Amount of claim | Interest rate* |
|---|---|---|---|
| _____ | _____ | _____ | _____ |

*Unless otherwise ordered by the court, the interest rate shall be the current *Till* rate in this District.

*Insert additional claims as needed.*

**3.4 Motion to avoid lien pursuant to 11 U.S.C. § 522.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

☐ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan unless the creditor files an objection on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). Debtor(s) hereby move(s) the court to find the amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.

| Name of creditor | Property subject to lien | Lien amount to be avoided | Secured amount remaining | Type of lien | Lien identification (county, court, judgment date, date of lien recording, county, court, book and page number) |
|---|---|---|---|---|---|
| _____ | _____ | _____ | _____ | _____ | _____ |

*Insert additional claims as needed.*

**3.5 Surrender of collateral.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☐ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of creditor | Collateral |
|---|---|
| _____ | _____ |

*Insert additional claims as needed.*

## Part 4: Treatment of Fees and Priority Claims

**4.1 General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3 Attorney's fees**

☑ No look fee:   $ 3,600.00                          .

　　Total attorney fee charged:   $ 3,600.00                          .

　　Attorney fee previously paid:   $ 0.00                          .

　　Attorney fee to be paid in plan
　　per confirmation order:   $ 3,600.00                          .

☐ Hourly fee:   $                          . (Subject to approval of Fee Application.)

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☐ Internal Revenue Service   $                          .

☑ Mississippi Dept. of Revenue   $ 44.76                          .

☐ Other _____
　　$                          .

**4.5 Domestic support obligations.**

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

DUE TO:   _____
　　_____

　　POST PETITION OBLIGATION:  In the amount of $ _____ per month beginning _____

　　To be paid  ☐ direct,  ☐ through payroll deduction, or  ☐ through the plan.

　　PRE-PETITION ARREARAGE:  In the total amount of $ _____ through _____ which shall be paid
　　in full over the plan term, unless stated otherwise: _____
　　To be paid  ☐ direct,  ☐ through payroll deduction, or  ☐ through the plan.

*Insert additional claims as needed.*

Mississippi Chapter 13 Plan                                                                                                                Page 6

| Part 5: | Treatment of Nonpriority Unsecured Claims |

**5.1 Nonpriority unsecured claims not separately classified.**
   Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☑ The sum of  $ 0.00_____ .

☐ _____ % of the total amount of these claims, an estimated payment of  $ _____ .

☑ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

   If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ 0.00_____ .
   Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Other separately classified nonpriority unsecured claims (special claimants).** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

☐ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows

| Name of creditor | Basis for separate classification and treatment | Approximate amount owed | Proposed treatment |
|---|---|---|---|
| _____ | _____ | _____ | _____ |

| Part 6: | Executory Contracts and Unexpired Leases |

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☐ **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule.  Arrearage payments will be disbursed by the trustee.  The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage |
|---|---|---|---|---|
| _____ | _____ | $ _____ <br> Disbursed by: <br> ☐ Trustee <br> ☐ Debtor(s) | $ _____ | _____ |

*Insert additional claims as needed.*

| Part 7: | Vesting of Property of the Estate |

**7.1 Property of the estate will vest in the debtor(s) upon entry of discharge.**

**Part 8:** **Nonstandard Plan Provisions**

### 8.1 Check "None" or List Nonstandard Plan Provisions

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.***

> Upon the filing of an Official Form 410S2 Notice of Postpetition Mortgage Fees, Expenses and Charges, and absent any objection being filed within 60 days after the filing of said Notice, the Trustee is authorized to pay the amount contained in the Notice as a special claim over the remaining plan term and adjust the plan payment accordingly. This does not constitute a waiver of the right to object to the Notice within one year pursuant to Rule 3002.1(e) of the Federal Rules of Bankruptcy Procedure.

**Part 9:** **Signature(s):**

### 9.1 Signatures of Debtor(s) and Debtor(s)' Attorney

*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.*

✗ /s/ Rickey L. Turner
Signature of Debtor 1

Executed on  07/21/2020
MM / DD / YYYY

Address Line 1

Address Line 2

City, State, and Zip Code

Telephone Number

✗ 
Signature of Debtor 2

Executed on 
MM / DD / YYYY

Address Line 1

Address Line 2

City, State, and Zip Code

Telephone Number

✗ /s/ Kimberly B. Bowling
Signature of Attorney for Debtor(s)

Address Line 1

Address Line 2

City, State, and Zip Code

Telephone Number    MS Bar Number

Email Address

Date  01/22/2020
MM / DD / YYYY

```
Label Matrix for local noticing          Bank of Holly Springs                    Locke D. Barkley
0537-1                                    PO Box 250                              6360 I-55 North
Case 20-10079-JDW                         Holly Springs, MS 38635-0250            Suite 140
Northern District of Mississippi                                                  Jackson, MS 39211-2038
Aberdeen
Wed Jan 29 15:29:11 CST 2020

Kimberly Brown Bowling                    (p)DIRECTV LLC                          Hospital Medicine Associates
P.O. Box 7177                             ATTN BANKRUPTCIES                       P.O. Box 1123
Tupelo, MS 38802-7177                     PO BOX 6550                             Minneapolis, MN 55440-1123
                                          GREENWOOD VILLAGE CO 80155-6550


(p)INTERNAL REVENUE SERVICE               Internal Revenue Service                MS Department of Revenue
CENTRALIZED INSOLVENCY OPERATIONS         Centralized Insolvency Service          P.O. Box 22808
PO BOX 7346                               PO Box 7346                             Jackson, MS 39225-2808
PHILADELPHIA PA 19101-7346                Philadelphia, PA 19101-7346


Mississippi Department of Revenue         Rosco Auto Sales                        Southeastern Emergency Physician
Bankruptcy Section                        1805 City Ave. North                    P.O. Box 1123
Post Office Box 22808                     Ripley, MS 38663-1112                   Minneapolis, MN 55440-1123
Jackson, MS 39225-2808


Rickey L. Turner                          U. S. Trustee                           U.S. Attorney
148 Pine Drive                            501 East Court Street, Suite 6-430      RE: Internal Revenue Service
Ashland, MS 38603-7016                    Jackson, MS 39201-5022                  900 Jefferson Avenue
                                                                                  Oxford, MS 38655-3608
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
DirecTV                                   Internal Revenue Service                End of Label Matrix
P.O. Box 6550                             Attn: Special Processing Staff          Mailable recipients    14
Englewood, CO 80155-6550                  100 West Capitol Street                 Bypassed recipients     0
                                          Room 504                                Total                  14
                                          Jackson MS 39269
```